**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30211 |
| Plaintiff - Appellee, | D.C. No. 2:14-cr-00342-JCC |
| v. |  |
| ERIC JOHN MARCH, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted July 26, 2016[**]

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Eric John March appeals from the district court's judgment and challenges

his guilty-plea conviction and 240-month sentence for distribution of child

pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

March contends that his guilty plea was not knowing, voluntary, and intelligent, because the district court failed to advise him adequately of the mandatory minimum he faced as required by Federal Rule of Criminal Procedure 11. Because March failed to raise this issue below, we review for plain error, *United States v. Carter*, 795 F.3d 947, 950-51 (9th 2015), and find none. The record reveals that the district court correctly advised March of the applicable mandatory minimum he faced if, as the government argued, he was found to have a qualifying conviction under section 2252(b)(1). Further, March has failed to show that any error affected his substantial rights. *See United States v. Myers*, 804 F.3d 1246, 1257 (9th Cir. 2015) ("[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." (internal quotation marks omitted) (alteration in original)).

March next contends that his sentence is substantively unreasonable because the district court failed to account for alleged sentencing disparities. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and the fact that March was on probation for a

prior conviction for molesting his children. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

15-30211